IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:26CV28-MOC-WCM

CAROLINA MIGRANT NETWORK,　　　)
AMICA CENTER FOR　　　　　　　　)
IMMIGRATION RIGHTS　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Plaintiffs,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
UNITED STATES IMMIGRATION　　　　)
CUSTOMS ENFORCEMENT,　　　　　　 )
　　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　　 )

_____

## **UNITED STATES' REPLY TO PLAINTIFFS' RESPONSE OPPOSING MOTION TO STAY AND/OR FOR CONTINUANCE DUE TO LAPSE IN APPROPRIATIONS**

The United States replies in support of its motion to stay or, in the alternative, for a 30-day continuance because of the lapse in appropriations for the Department of Homeland Security and the United States Immigration Customs Enforcement.

1.　　　For the reasons described in its motion filed yesterday, the United States seeks a stay of its time to answer or otherwise respond to Plaintiffs' complaint pending the end of the partial government shutdown currently affecting all FOIA staff within the United States Immigration Customs Enforcement.

1

Alternatively, the United States asks this Court to extend by 30 days its time to answer or otherwise respond to Plaintiffs' complaint.

2. In its response, Plaintiffs make assertions, including some misleading or baseless assertions, to which the United States responds.

3. First, Plaintiffs incorrectly suggest that the United States has changed its position as to whether it intends to comply with its FOIA responsibilities. That is not true. As represented to Plaintiffs on February 11, less than 30 days after Plaintiffs filed this action, Defendant anticipates that it will produce all non-exempt records and will post to its FOIA library website the information about the Alternatives to Detention Program that Plaintiffs describe as a "memorandum." Also as stated in that February 11 communication, the ICE FOIA staff were reviewing the document to determine which portions of it, if any, should be redacted because it falls under one of the exemptions to the Freedom of Information Act. *See* WDNC Case No. 3:26CV28, Doc. 10-1 at 3. Only two days later, the Department of Homeland Security, including the United States Immigration Customs Enforcement, experienced the lapse in appropriations that, after one extension of time, now prompts the United States to seek a stay, rather than a series of extensions of time. Nothing in the United States' motion suggests the contrary.

4. Second, Plaintiffs assert that the United States provided this Court with "no evidence beyond the bare assertion of counsel that it is unable to comply

2

with FOIA's requirements." *Id.*, Doc. 10 at 4. Although true, the implication of this assertion that the undersigned, as an officer of the Court, would make a factual assertion about the ability of its client to fulfill its FOIA functions because of a lapse in appropriations that is false and ignores the undersigned's duty of candor to this Court. Additionally, Plaintiffs *knew* that the undersigned's assertion was truthful because each statement the undersigned made in its motion was supported by a declaration, provided under the penalty of perjury by an official from the United States Immigration and Customs Enforcement. The undersigned emailed that declaration to Plaintiffs' counsel on March 12, four days the United States filed its motion to stay. Plaintiffs, therefore, opposed Defendant's motion to stay because of a lack of evidence Plaintiffs knew existed. Although the undersigned decided in the interests of brevity to provide this Court with the most salient parts of that declaration through statements made by an officer of this Court, instead of the six-page declaration, the United States provides that declaration to this Court as an exhibit to this reply.

5. Plaintiffs are correct that ICE's FOIA library has been updated since February 14. As seen in this snip from that library, each of the documents uploaded since February 14 is a document related to facility-compliance inspections conducted at one of ICE's detention facilities, and each of those inspections was conducted before February 14:



It is possible that those FOIA records had already been transmitted to a non-excepted employee who was able to post the already-processed FOIA requests to the FOIA library. Or, perhaps, publishing the results of detention-facility inspections is deemed "necessary for the safety of human life or the protection of property." *See* Kenneth N. Clark Declaration ¶ 19 attached as Exhibit 1. No matter what the reason, the publication of a document to the library does not undermine the United States' assertion that Plaintiffs' request for a document related to the Alternatives to Detention Program cannot be processed at this time because all of the FOIA employees who could assess that document for redactions and produce it are furloughed.

4

5. Plaintiffs suggest, without support, that the Department of Homeland Security has implemented a "secret law" by implementing "some sort of contingency plan for the lapse in appropriations" that it has not publicized. WDNC Case No. 3:26CV28, Doc. 10 at 6. As Plaintiffs acknowledge, however, the Department published on September 29, 2025, its "Procedures Relating to a Lapse in Appropriations." *See id.*, Doc. 10 at 6 n.5. Those procedures, which appear to have superseded earlier published procedures, do not restrict their application to the government shutdown that commenced last September or to a lapse in appropriations that applies to numerous federal agencies, rather than one restricted to the Department of Homeland Security. *See* United States Department of Homeland Security, *Procedures Relating to a Lapse in Appropriations* (Sept. 29, 2025), available at https://www.dhs.gov/sites/default/files/2025-09/2025_0930_dhs_procedures_related_to_a_lapse_in_appropriations.pdf.

6. The Department has, therefore, published procedures that apply to this lapse of appropriations. And its determination that some "sub-agencies" perform functions and activities that are "exempt" because they are "funded by appropriations that have neither lapsed nor been exhausted" or perform functions and activities that are "excepted" because they are involve the "safety of human life or the protection of property" is consistent with that guidance. *See id.* at 4. Considered in the light of these procedures, the Department's determination that

5

ICE's FOIA office is neither exempt nor excepted is hardly "gob-smacking." WDNC Case No. 3:26CV28, Doc. 10 at 7.

7. The Ninth Circuit's decision in *Fiduccia v. U.S. Dep't of Justice*, 185 F.3d 1035 (9th Cir. 1999), does not support Plaintiffs assertion that the Department of Homeland Security should be compelled to perform non-exempt, non-excepted functions and activities during a lapse in appropriations. *Fiduccia* involved a FOIA request that had been pending for eight years and a backlog of requests that the FBI attributed to a lack of sufficient funding. 185 F.3d at 1041–42. The Ninth Circuit rejected the district court's finding of "exceptional circumstances" to support that delay, explaining that "a policy choice by the executive branch to delay FOIA requests rather than ask for additional funds to meet them in a timely way" does not constitute an "exceptional circumstance," justifying an eight-year delay in the production of records. *Id.* at 1041. *Fiduccia* does not help Plaintiffs because their FOIA request is not delayed because of the Department's failure to ask Congress for additional funding to process their two-month-old FOIA request. Instead, it is Congress that has failed to pass annual appropriations for the Department, triggering application of the Department's procedures applicable to a lapse in appropriations and the restrictions of the Anti-Deficiency Act, 30 U.S.C. § 1341.

8. Finally, this Court should reject Plaintiffs' assertion that ICE furloughed its FOIA staff in "bad faith," intending to "continue avoiding public transparency and accountability." WDNC Case No. 3:26CV28, Doc. 10 at 8.

6

Plaintiffs have not presented any evidence that ICE has acted in bad faith. And certainly, its inability to produce the requested document only a month after Plaintiffs' action was filed, before the lapse in appropriations, does not support the assertion that ICE is avoiding public transparency and accountability. And ICE's quick publication of the results of compliance inspections of its detention facilities — some just a few weeks after the inspections were conducted — belies this assertion of bad faith. Similarly, Plaintiffs have produced no authority supporting their assertion that ICE's determination that its FOIA office staff had to be furloughed to comply with the Anti-Deficiency Act and its lapse-in-appropriations procedures is "voluntary, unjustified, and unlawful." *Id.*, Doc. 10 at 8.

9. The United States has represented to Plaintiffs that ICE has communicated its intention to produce the requested "memorandum" once it has been assessed for redactions and processed by ICE's FOIA office staff. This representation remains accurate. For all of the reasons described in its earlier motion to stay and for the reasons stated in this reply, the United States asks this Court to stay its time to answer or otherwise respond to Plaintiffs' complaint pending the end of the partial government shutdown currently affecting all FOIA staff within the United States Immigration Customs Enforcement and to provide the United States 30 days after the lifting of the shutdown to respond to Plaintiffs' complaint. Alternatively, the United States asks this Court to extend that deadline by 30 days.

7

Respectfully submitted this 17th day of March, 2026.

RUSS FERGUSON
UNITED STATES ATTORNEY

s/AMY E. RAY
Assistant United States Attorney
N.C. Bar No. 22762
Room 233, U.S. Courthouse
100 Otis Street
Asheville, North Carolina 28801
Tel:   (828) 271-4661
Fax:   (828) 271-4327
Email:   Amy.Ray@usdoj.gov

*Counsel for the United States*

8

# **CERTIFICATION**

The undersigned certifies:

1.     The undersigned did not employ any artificial intelligence in preparing this response, with the exception of such artificial intelligence embedded in the standard on-line legal-research sources;

2.     The undersigned has checked every statement and every citation to an authority contained in this document and believes she has accurately used and cited that authority.

This the 17th day of March, 2026.

s/Amy E. Ray
Assistant United States Attorney

9