UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CAROLINA MIGRANT NETWORK, AMICA CENTER FOR IMMIGRANT RIGHTS,<br><br>      Plaintiffs,<br><br>   v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>      Defendant. | Case No. 3:26-cv-28 |

## **SUPPLEMENTAL DECLARATION OF KENNETH N. CLARK**

I, Kenneth N. Clark, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.     I am the Assistant Director of the Office of Information Governance and Privacy ("OIGP") at U.S. Immigration and Customs Enforcement ("ICE"), a component of the U.S. Department of Homeland Security ("DHS"). I have held the Assistant Director position since August 18, 2019. Prior to this position, I served as Deputy Assistant Executive Director for the Law Enforcement Information Sharing Initiative in the Homeland Security Investigations directorate.

2.     OIGP oversees the management, sharing, protection, and disclosure of ICE data and information in accordance with law, policy, and standards. OIGP implements the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, at ICE and collaborates with ICE and DHS partners to build privacy protections into ICE programs and systems and to develop data governance solutions.

3. OIGP is comprised of two branches: the ICE FOIA Unit and the ICE Privacy Unit. As Assistant Director, I oversee both branches. The ICE FOIA Director leads the ICE FOIA Unit and reports to me, and ICE FOIA staff are organizationally located within that unit in OIGP. Through the ICE FOIA Director, I receive regular briefings on FOIA staffing levels, workload, backlog, and litigation demands, and I am involved in decisions regarding FOIA resource allocation and prioritization. As a result, I am familiar with the day-to-day operations and litigation workload of the ICE FOIA Office.

4. I make this supplemental declaration in support of ICE's request for a stay of this litigation during the current lapse in appropriations. This declaration supplements and incorporates by reference my previous declaration dated March 10, 2026, titled "DECLARATION OF KENNETH N. CLARK" which explained ICE's basis for seeking a stay of proceedings in this FOIA litigation.

5. In my last declaration, filed on March 10, 2026 (Case No. 3:26-CV-28) I explained ICE's request for seeking a stay of proceedings in the instant FOIA litigation. However, in response to ICE's request, Plaintiffs appear to question the furlough status of ICE FOIA during DHS shutdown in part by pointing out that documents continue to be proactively disclosed and posted on ICE FOIA Library webpage. This supplemental declaration addresses these allegations by describing the process behind the posting of the records to the ICE FOIA Library and why such postings do not mean that the ICE FOIA Office is actively processing FOIA matters during the lapse in appropriations.

6. The statements in this supplemental declaration are based on my personal knowledge, my review of records maintained in the ordinary course of ICE business, and

information provided to me in the course of my official duties by personnel within OIGP and the ICE FOIA Office.

7. ICE maintains a public-facing FOIA library website which contains various records available for public's viewing. It functions as ICE's FOIA "reading room" for purposes of 5 U.S.C. § 552(a)(2), and ICE uses it to make available FOIA logs, policies, manuals, and other records that FOIA requires to be affirmatively disclosed, as well as other records ICE elects to post for transparency or other policy reasons.

8. Multiple ICE program offices may provide or direct content for posting to the ICE FOIA Library website. When DHS and ICE are fully funded, the ICE FOIA Office plays a central role in coordinating with ICE operational program offices and determining the type of information which would be posted to the FOIA Library website.

9. Since the lapse in funding, the ICE FOIA Office has not directly posted any documents to the FOIA Library Website. However, the ICE FOIA Office is not the only office that can request or cause records to be posted in the FOIA Library. ICE maintains a web management function that supports posting of content to ICE's public website, including the FOIA Library. Program offices that have records already cleared for public release may, consistent with department-wide guidance from the DHS Chief Privacy Officer and Chief FOIA Officer, work directly with web management or communications personnel to have those records posted, without ICE FOIA's assistance. That was true before the lapse in appropriations and remains true during the lapse.

10. As mentioned above, other ICE operational program offices have the capability to post records to the ICE FOIA Library. This is true for the Office of Detention Oversight (ODO), a sub-division of Office of Professional Responsibility. ODO is responsible for inspecting ICE

detention facilities to assess compliance with ICE detention standards and related policies, and that these inspections result in written reports describing ODO's findings.

11. As described above, the existence of a record in the ICE FOIA Library does not, by itself, indicate that the ICE FOIA Office has processed a FOIA request for that record or that the FOIA Office is actively working on FOIA matters in order to facilitate that posting. Program offices with records already cleared for public release, such as ODO with respect to detention facility inspection reports, can coordinate directly with ICE web management or communications personnel to have those records posted.

12. In particular, the fact that ODO detention facility inspection reports have been posted to the ICE FOIA Library during the current lapse in appropriations is not, in and of itself, evidence that the ICE FOIA Office is operating during the lapse or that it has processed FOIA requests relating to those specific reports. Those postings can reflect the actions of ICE program offices working directly with ICE's web management function to post finalized, pre-cleared inspection-related records, consistent with ICE policy and leadership direction.

13. Based on my responsibilities for FOIA implementation and information governance at ICE, and my understanding of the posting practices described in this declaration, postings of ODO inspection reports or other program-office records to the ICE FOIA Library should not be interpreted as proof that the ICE FOIA Office is currently processing FOIA requests or otherwise operating during the lapse in appropriations.

4

14. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Signed this twenty-fifth day of March 2026.

_____
Kenneth N. Clark, Ph.D.
Assistant Director
Office of Information Governance and Privacy
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security
500 12th Street, SW, Stop 5009
Washington, DC 20536-5009

5