IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:26-CV-00028-MOC-WCM

CAROLINA MIGRANT NETWORK,
AMICA CENTER FOR IMMIGRATION
RIGHTS,

     Plaintiffs,

v.

IMMIGRATION CUSTOMS
ENFORCEMENT,

     Defendant.

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

## ANSWER

Defendant U.S. Immigration and Customs Enforcement answers the

Complaint filed by Carolina Migrant Network and Amica Center for Immigrant

Rights on January 14, 2026.

## INTRODUCTION AND BACKGROUND[1]

1.     The allegations contained in Paragraph 1 consist of Plaintiffs'

characterizations of ICE's authority and its Alternatives to Detention program.

They do not describe a claim, and no response is therefore required. Should the

---

[1]     Unless otherwise stated, for ease of reference, ICE refers to the headings contained in the
Complaint, but to the extent those headings could be construed to contain factual allegations, those
allegations are denied.

Court deem that a response is required, ICE admits that it uses the Alternatives to Detention program. ICE denies the remaining allegations.

2. The allegations contained in Paragraph 2 consist of Plaintiffs' characterizations of ICE's Alternatives to Detention program. They do not describe a claim, and no response is required. Should the Court deem that a response is required, ICE admits that it uses the Alternatives to Detention Program to allow noncitizens to remain in their communities during immigration proceedings and to ensure compliance with release conditions. ICE admits that it uses telephonic reporting, body-worn GPS monitoring, and the SmartLINK mobile application as part of this program. ICE denies the remaining allegations.

3. The allegations contained in Paragraph 3 consist of Plaintiffs' characterizations of ICE's Alternatives to Detention program. They do not describe a claim, and no response is required. Should the Court deem that a response is required, ICE denies the remaining allegations.

4. The allegations contained in Paragraph 4 consist of Plaintiffs' characterizations of ICE's Alternatives to Detention program. They do not describe a claim, and no response is required. Should the Court deem that a response is required, ICE respectfully refers the Court to the authorities cited by Plaintiffs for a complete and accurate reading of their contents and denies any allegations inconsistent with those contents.

5. The allegations contained in Paragraph 5 consist of Plaintiffs' characterizations of the costs of ICE's Alternatives to Detention program. They do

2

not describe a claim, and no response is required.  Should the Court deem that a response is required, ICE respectfully refers the Court to the authorities cited by Plaintiffs for a complete and accurate reading of their contents and denies any allegations inconsistent with those contents.

6.     The allegations contained in Paragraph 6 consist of Plaintiffs' characterizations of ICE's Alternatives to Detention program.  They do not describe a claim, and no response is required.  Should the Court deem that a response is required, ICE respectfully refers the Court to the authorities cited by Plaintiffs for a complete and accurate reading of their contents and denies any allegations inconsistent with those contents.

7.     The allegations contained in Paragraph 7 consist of Plaintiffs' characterizations of ICE's Alternatives to Detention program.  They do not describe a claim, and no response is required.  Should the Court deem that a response is required, ICE admits that there has been media reporting pertaining to the Alternatives to Detention program and respectfully refers the Court to the articles cited by Plaintiffs for a complete and accurate reading of their contents.  ICE denies any allegations inconsistent with those contents.

8.     The allegations contained in Paragraph 8 consist of Plaintiffs' characterizations of media reports on ICE's Alternatives to Detention program. They do not describe a claim, and no response is required.  Should the Court deem that a response is required, ICE admits that there has been media reporting pertaining to the Alternatives to Detention program and respectfully refers the

3

Court to the articles cited by Plaintiffs for a complete and accurate reading of their contents. ICE denies any allegations inconsistent with those contents.

9. The allegation contained in Paragraph 9 consists of characterizations, to which no response is required. Should the Court deem that a response is required, ICE admits that, as of the date Plaintiffs filed the Complaint, ICE had not provided a final response to Plaintiffs' request under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.*

10. The allegations contained in Paragraph 10 consist of Plaintiffs' characterizations of financial impacts of ICE's Alternatives to Detention program. They do not describe a claim, and no response is required. Should the Court deem that a response is required, ICE admits that there has been media reporting pertaining to the Alternatives to Detention program and respectfully refers the Court to the articles cited by Plaintiffs for a complete and accurate reading of their contents. ICE denies any allegations inconsistent with those contents.

11. The allegations contained in Paragraph 11 consist of Plaintiffs' characterizations of ICE's Alternatives to Detention program. They do not describe a claim, and no response is required. Should the Court deem that a response is required, ICE admits that there has been media reporting pertaining to the Alternatives to Detention program and respectfully refers the Court to the articles cited by Plaintiffs for a complete and accurate reading of their contents. ICE denies any allegations inconsistent with those contents.

4

12. Paragraph 12 consists of Plaintiffs' characterization prayer for relief, to which no response is required. To the extent a response is deemed required, ICE denies the allegations and denies that Plaintiffs are entitled to any relief.

**<u>JURISDICTION AND VENUE</u>**

13. Paragraph 13 consists of legal conclusions regarding jurisdiction, to which no response is required. Should the Court deem that a response is required, ICE admits that this Court has jurisdiction subject to the terms and limitations of FOIA, pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552. ICE denies any remaining allegations contained in Paragraph 13.

14. Paragraph 14 consists of legal conclusions regarding venue, to which no response is required. Should the Court deem that a response is required, ICE admits that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 5 U.S.C. § 552(a)(4)(B). ICE denies any remaining allegations.

15. The allegations contained in Paragraph 15 consist of Plaintiffs' conclusions of law, to which no response is required. Should the Court deem that a response is required, ICE denies the allegations.

16. The allegations contained in Paragraph 16 consist of Plaintiffs' conclusions of law and prayer for relief, to which no response is required. Should the Court deem that a response is required, ICE denies that Plaintiffs are entitled to any relief and denies any remaining allegations.

17. The allegations contained in Paragraph 17 consist of Plaintiffs' conclusions of law, to which no response is required. Should the Court deem that a

5

response is required, ICE admits that this Court has jurisdiction subject to the terms and limitations of FOIA.  ICE denies any remaining allegations.

## PARTIES

18.     The allegations contained in Paragraph 18 consist of Plaintiffs' characterization of Plaintiff Carolina Migrant Network, to which no response is required.  Should the Court deem that a response is required, ICE lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  ICE therefore denies the allegations.

19.     The allegations contained in Paragraph 19 consist of Plaintiffs' characterization of Plaintiff Amica Center for Immigrant Rights, to which no response is required.  Should the Court deem that a response is required, ICE lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  ICE therefore denies the allegations.

20.     ICE admits that it is a federal agency and component of DHS and is subject to the provisions of the Freedom of Information Act, 5 U.S.C. § 552, *et seq*.  ICE admits that it has records responsive to Plaintiffs' request.

21.     The allegation contained in Paragraph 21 contains Plaintiffs' characterizations and prayer for relief, to which no response is required.  Should the Court deem that a response is required, ICE denies that Plaintiffs are entitled to any relief and denies the remaining allegations in Paragraph 21.

6

**FACTS**

**ICE FOIA Request**

22.     ICE admits that Plaintiffs submitted a FOIA request to ICE on October 28, 2025.  ICE respectfully refers the Court to the FOIA request for a complete and accurate reading of its contents and denies any allegations inconsistent with those contents.

23.     ICE admits that it acknowledged Plaintiffs' FOIA request by email dated October 28, 2025, assigned the request case number 2026-ICFO-03195, and denied the request for expedited treatment.  The ICE FOIA Office is not currently assessing fees.  Consequently, the agency has not made on the assessment of fees, as the issue is not yet ripe for review.  ICE respectfully refers the Court to the letter for a complete and accurate reading of their contents and denies any allegations inconsistent with those contents.  ICE denies the remaining allegations contained in Paragraph 23.

24.     ICE admits that Plaintiffs submitted an appeal of the ICE FOIA Office's denial of Plaintiffs' request for expedited processing via email sent on November 21, 2025.  ICE acknowledged receipt of the appeal via email sent on November 24, 2025, and assigned it case number 2026-ICAP-00047.  ICE denies the remaining allegations in Paragraph 24 and respectfully refers the Court to the emails for a complete and accurate reading of their contents.  ICE denies any allegations inconsistent with those contents.

25.     ICE admits that it responded to Plaintiffs' November 21, 2025, appeal by letter dated December 28, 2025.  ICE affirmed its decision to deny expedited processing.  ICE denies the remaining allegations in Paragraph 25 and respectfully refers the Court to the letter for a complete and accurate reading of its contents.  ICE denies any allegations inconsistent with those contents.

26.     The allegations in Paragraph 26 consist of legal conclusions, to which no response is required.  Should the Court deem that a response is required, as of the date Plaintiffs filed the Complaint, ICE had not provided a final response to Plaintiffs' FOIA request.  ICE denies the remaining allegations in Paragraph 26.

27.     Paragraph 27 contains conclusions of law, to which no response is required.  Should the Court deem that a response is required, ICE admits that regulations and FOIA provide timeframes for responding to FOIA requests.  ICE respectfully refers the Court to those authorities for a complete and accurate reading of their contents and denies any allegations inconsistent with those contents.

28.     The allegations contained in Paragraph 28 consist of Plaintiffs' characterizations, to which no response is required.  Should the Court deem that a response is required, ICE denies the allegations.

29.     The allegations contained in Paragraph 29 consist of Plaintiffs' characterizations, to which no response is required.  Should the Court deem that a response is required, ICE admits that, as of the date Plaintiffs filed the Complaint,

ICE had not provided a final response to Plaintiffs' FOIA request. ICE denies the remaining allegations in Paragraph 29.

30. The allegations contained in Paragraph 30 consist of Plaintiffs' characterizations, to which no response is required. Should the Court deem that a response is required, ICE admits that, as of the date Plaintiffs filed the Complaint, ICE had not provided a final response to Plaintiffs' FOIA request. ICE denies the remaining allegations in Paragraph 30.

31. The allegations contained in Paragraph 31 consist of Plaintiffs' characterizations of ICE's alleged actions, to which no response is required. Should the Court deem that a response is required, ICE admits that, as of the date Plaintiffs filed the Complaint, ICE had not provided a final response to Plaintiffs' FOIA request. ICE denies the remaining allegations in Paragraph 31.

32. The allegations contained in Paragraph 32 consist of Plaintiffs' characterizations of ICE's alleged actions, to which no response is required. Should the Court deem that a response is required, ICE admits that, as of the date Plaintiffs filed the Complaint, ICE had not provided a final response to Plaintiffs' FOIA request. ICE denies the remaining allegations in Paragraph 32.

33. The allegations contained in Paragraph 33 consist of Plaintiffs' characterizations of ICE's alleged actions and conclusions of law, to which no response is required. Should the Court deem that a response is required, ICE denies the allegations.

9

34. The allegations contained in Paragraph 34 consist of Plaintiffs' conclusions of law, to which no response is required. Should the Court deem that a response is required, ICE denies the allegations.

35. The allegations contained in Paragraph 35 consist of Plaintiffs' characterizations and conclusions of law, to which no response is required. Should the Court deem that a response is required, ICE denies the allegations.

<u>**CLAIMS FOR RELIEF**</u>

<u>**COUNT ONE**</u>

**Failure to make a determination in violation of FOIA**

36. ICE incorporates by reference its responses to all preceding paragraphs.

37. Paragraph 37 contains Plaintiffs' legal conclusions, to which no response is required. Should the Court deem that a response is required, ICE admits that FOIA provides parameters and timelines for the search and production of responsive records and respectfully refers the Court to FOIA for a complete and accurate reading of its contents. ICE denies any allegations inconsistent with those contents.

<u>**COUNT TWO**</u>

**Failure to conduct an adequate search in violation of FOIA**

38. ICE incorporates by reference its responses to all preceding paragraphs.

39. Paragraph 39 consists of Plaintiffs' characterization of its request and

conclusions of law, to which no response is required. Should the Court deem that a response is required, ICE admits that Plaintiff submitted a FOIA request to ICE on October 28, 2025, and respectfully refers the Court to the FOIA request for a complete and accurate reading of its contents. ICE denies any allegations inconsistent therein.

40. The allegations contained in Paragraph 40 consist of Plaintiffs' characterizations of ICE's alleged conduct, to which no response is required. Should the Court deem that a response is required, ICE admits that, as of the date Plaintiffs filed the Complaint, ICE had not provided a final response to Plaintiffs' FOIA request. ICE denies the remaining allegations in Paragraph 40.

41. Paragraph 41 contains conclusions of law, to which no response is required. Should the Court deem that a response is required, ICE admits that FOIA provides parameters and timelines for the search and production of responsive records and respectfully refers the Court to FOIA for a complete and accurate reading of its contents. ICE denies any allegations inconsistent therein.

42. The allegations contained in Paragraph 42 consist of Plaintiffs' characterizations of ICE's alleged actions and conclusions of law, to which no response is required. Should the Court deem that a response is required, ICE admits that FOIA provides parameters and timelines for the search and production of responsive records and respectfully refers the Court to FOIA for a complete and accurate reading of its contents. ICE denies any allegations inconsistent therein.

43. The allegations contained in Paragraph 43 consist of Plaintiffs'

characterizations of ICE's alleged actions, to which no response is required. Should the Court deem that a response is required, ICE denies the allegations.

44. The allegations contained in Paragraph 44 consist of Plaintiffs' characterizations of ICE's alleged actions and conclusions of law, to which no response is required. Should the Court deem that a response is required, ICE denies the allegations.

45. The allegations contained in Paragraph 45 consist of Plaintiffs' prayer for relief, to which no response is required. Should the Court deem that a response is required, ICE denies that Plaintiffs are entitled to any relief.

## COUNT THREE

### Wrongful withholding of non-exempt responsive records

46. ICE incorporates by reference its responses to all preceding paragraphs.

47. Paragraph 47 consists of legal conclusions and characterizations of its request, to which no response is required. Should the Court deem that a response is required, ICE admits that Plaintiff submitted a FOIA request to ICE on October 28, 2025, and respectfully refers the Court to the FOIA request for a complete and accurate reading of its contents. ICE denies any allegations inconsistent therein.

48. Paragraph 48 consists of legal conclusions and characterizations of ICE's alleged actions, to which no response is required. Should the Court deem that a response is required, ICE denies the allegations in this paragraph.

49. Paragraph 49 consists of legal conclusions and characterizations, to

which no response is required.  Should the Court deem that a response is required, ICE denies the allegations in this paragraph.

50.     Paragraph 50 consists of legal conclusions and characterizations of ICE's alleged actions, to which no response is required.  Should the Court deem that a response is required, ICE denies the allegations in this paragraph.

51.     The allegations contained in Paragraph 51 consist of Plaintiffs' prayer for relief, to which no response is required.  Should the Court deem that a response is required, ICE denies that Plaintiffs are entitled to any relief.

### COUNT FOUR

### Failure to publish opinions, policies, administrative staff manuals, and instructions to staff that affect the public

52.     ICE incorporates by reference its responses to all preceding paragraphs.

53.     Paragraph 53 contains conclusions of law, to which no response is required.   Should the Court deem that a response is required, ICE admits the regulations and FOIA provide timeframes for responding to FOIA requests and respectfully refers the Court to those authorities for a complete and accurate reading of their contents and denies any allegations inconsistent therein. ICE denies the remaining allegations in Paragraph 53.

54.     Paragraph 54 consists of legal conclusions and characterizations of ICE's alleged actions, to which no response is required.  Should the Court deem that a response is required, ICE denies the allegations in this paragraph.

### Denial of Expedited Processing

55.     ICE incorporates by reference its responses to all preceding paragraphs.

56.     Paragraph 56 contains conclusions of law, to which no response is required.  Should the Court deem that a response is required, ICE admits that FOIA and regulations provide timelines for requests for expedited processing and respectfully refers the Court to those authorities for a complete and accurate reading of their contents.  ICE denies any allegations inconsistent with those contents.  ICE denies the remaining allegations contained in Paragraph 56.

57.     The allegations contained in Paragraph 57 consist of Plaintiffs' characterizations of ICE's alleged actions and conclusions of law, to which no response is required.  Should the Court deem that a response is required, ICE denies the allegations.

### COUNT SIX

### Actual or Constructive Denial of Fee Waiver

58.     ICE incorporates by reference its responses to all preceding paragraphs.

59.     Paragraph 59 contains conclusions of law, to which no response is required.  Should the Court deem that a response is required, ICE admits that FOIA and regulations provide guidelines for the waiver of fees and respectfully refers the Court to those authorities for a complete and accurate reading of their

contents.  ICE denies any allegations inconsistent with those contents.  ICE denies the remaining allegations contained in Paragraph 59.

60.  The allegations contained in Paragraph 60 consist of Plaintiffs' legal conclusions, to which no response is required.  Should the Court deem that a response is required, ICE denies the allegations.

The remainder of the Complaint consists of Plaintiffs' prayer for relief, to which no response is required.  Should the Court deem that a response is required, ICE denies that Plaintiffs are entitled to the relief requested, or to any relief.

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As to some or all of the claims asserted in this action, Plaintiffs have failed to state a claim upon which relief may be granted under FOIA.

### SECOND AFFIRMATIVE DEFENSE

Any information that ICE has withheld, or will withhold, in response to Plaintiffs' FOIA request may be exempt in whole or in part from public disclosure under FOIA, 5 U.S.C. § 552 *et seq.*, and the Privacy Act, 5 U.S.C. § 552(a), *et seq.* Plaintiffs are not entitled to compel the production of responsive records protected from disclosure by one or more of the exemptions or exclusion to FOIA, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.  ICE is entitled to invoke all exemptions and other defenses available under the Freedom of Information Act and the Privacy Act.

## THIRD AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over any matter to the extent Plaintiffs failed to satisfy prerequisites to suit, as well as over any requests or allegations that are not contained in a FOIA request at issue in this action.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to attorneys' fees or costs.

## FIFTH AFFIRMATIVE DEFENSE

FOIA does not authorize the injunctive relief requested.

## SIXTH AFFIRMATIVE DEFENSE

At all times alleged in the Complaint, ICE acted in good faith, with justification, and pursuant to authority, and exceptional circumstances exist that necessitate additional time for ICE to process Plaintiffs' FOIA requests.

## SEVENTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over the Plaintiffs' requests for relief to the extent those requests exceed the relief authorized under FOIA. *See* 5 U.S.C. § 552. Any relief is limited to that provided for in 5 U.S.C. § 552(a)(4)(B).

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' FOIA request does not reasonably describe the records sought and therefore does not comply with FOIA or trigger a search or production obligation. Plaintiffs' claims are not enforceable under FOIA to the extent a reasonable search cannot be undertaken to identify and locate all responsive records.

16

## NINTH AFFIRMATIVE DEFENSE

ICE may have additional defenses which are not known at this time, but which may become known.  Accordingly, ICE reserves the right to assert every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

## **GENERAL DENIAL**

Anything not expressly admitted above is hereby denied.

Having fully answered the Complaint, ICE prays for judgment in its favor. ICE asks this Court to dismiss the claims against ICE with prejudice and deny Plaintiffs all requested relief.  ICE asks that it be awarded costs and disbursements incurred in defending this matter and for such further relief as may be appropriate.

Respectfully submitted this 22nd day of April, 2026.

RUSS FERGUSON
UNITED STATES ATTORNEY

s/AMY E. RAY
Assistant United States Attorney
N.C. Bar No. 22762
Room 233, U.S. Courthouse
100 Otis Street
Asheville, North Carolina 28801
Tel:  (828) 271-4661
Email:  Amy.Ray@usdoj.gov

*Counsel for the United States*