U.S. Department of Homeland Security
500 12th St. SW; STOP 5009
Washington, DC 20546-5009



**U.S. Immigration and Customs Enforcement**

July 9, 2026

Daniel Melo
The Melo Law Firm
2920 Forestville Rd., Ste. 100
PMB 1192
Raleigh, NC  27616
dan@themelolawfirm.com

F. Evan Benz, Esq.
AMICA Center for Immigrant Rights
1025 Connecticut Ave NWSte. 701
Washington, DC 20036
evan@amicacenter.org

> **RE:** **Carolina Migrant Network, et al. v. ICE (3:26-cv-28)**
> **ICE FOIA Case Number 2026-ICLI-00024**
> **First and Final Response**

Dear Gentlemen:

This the first response to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated October 28, 2025, given the litigation tracking number 2026-ICLI-00024.  Your client is seeking:

All records related to Director Dawnisha M Helland's June 9, 2025, memorandum or guidance regarding Alternatives to Detention (ATD), check-ins, and the directive to use GPS ankle or wrist monitors for non-detained individuals. Additionally, your client seeks records regarding the implementation, appendices, standard operating procedures, or field guidance transmitted with the memorandum, as well as any later memoranda, directives, or emails that modify, supersede, or rescind it.

A search of the Office of Enforcement and Removal Operations (ERO) located records that were responsive to your request.  ICE has considered your request under the FOIA, 5 U.S.C. § 552, and reviewed 5 pages of potentially responsive records.  ICE has determined that the 5 pages will be released and withheld in part pursuant to FOIA Exemptions (b)(6), (b)(7)(C), (b)(7)(E), and (b)(7)(F) as described below.  The pages are Bates stamped 2026-ICLI-00024  0001 through 2026-ICLI-00024 0005.

**FOIA Exemption 6** exempts from disclosure personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of

GOVERNMENT
EXHIBIT

3

the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information. Please note that any private interest you may have in that information does not factor into this determination.

ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers and other law enforcement sensitive information contained within the documents.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

**FOIA Exemption 7(F)** protects records or information compiled for law enforcement purposes when the disclosure of that information could reasonably be expected to endanger the life or physical safety of any individual. Please note that, unlike the personal privacy protection afforded by other exemptions of the FOIA, no public interest balancing test is required under Exemption 7(F).

Additionally, the July 9, 2025 document titled "Memo: Increase of In-Person Check-Ins at Contractor Offices for ATD Participants" has been posted to the FOIA library on April 29, 2026.

If you have any questions about this letter, please contact AUSA Amy Ray, at amy.ray@usdoj.gov.

Sincerely,

ROLANDO VELASCO JR
Digitally signed by ROLANDO VELASCO JR
Date: 2026.07.09 13:52:42 -04'00'

Rolando Velasco
Supervisory Paralegal Specialist

Enclosure: 5 pages

www.ice.gov