**<u>DECLARATION OF SARAH E. DECKER, ESQ.</u>**

I, Sarah E. Decker, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an attorney licensed in the State of New York (Registration Number 5850763). I am currently employed by the Robert & Ethel Kennedy Human Rights Center. I am based in Washington, D.C.

2. On October 7, 2025, my colleagues and I filed a petition for a writ of habeas corpus in the federal district court for the Eastern District of Pennsylvania on behalf of a client, Mr. G.T., following ICE's unlawful decision to impose an ankle monitor on Mr. G.T. after he was released from ICE detention pursuant to an Immigration Judge's bond order. This petition was assigned Case No. 2:25-cv-05788-KSM. The Respondents in this case are, inter alia, the Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement (who was Todd Lyons at the time we filed the lawsuit).

3. On November 7, 2025, ICE and the other Respondents, filed a Motion to Dismiss our client's habeas petition. As "Exhibit A" in support of that Motion to Dismiss, Respondents, through counsel, attached a lightly redacted document that appeared to be a policy memorandum distributed to "All ERO Personnel" by an ICE official with the last name Helland. The subject of the memorandum is "Increase of In-Person Check-Ins at Contractor Offices for ATD Participants" and is dated Monday, June 9, 2025. The author of the memorandum appears to be Dawnisha Helland, who was and is Acting Assistant Director of ICE ERO's Non-Detained Management Division. This memorandum has come to be known "the Helland Memo."

4. This memorandum was filed on the public docket for our case, Case No. 2:25-cv-05788-KSM, at ECF No. 16-1. The Respondents did not file this

memorandum under seal, nor was there any protective order or any other order preventing this memorandum from being accessed by the public. The lightly redacted Helland Memo is now therefore preserved in a permanent public record.

5. On November 13, 2025, we joined the Respondents in voluntarily dismissing the petition because ICE had voluntarily removed the ankle monitor from Mr. G-T-.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 28, 2026.

Sarah E. Decker