# EXHIBIT 1

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536

U.S. Immigration and Customs Enforcement

October 5, 2026

Daniel Melo
The Melo Law Firm
2920 Forestville Road
Ste 100, PMB 1192
Raleigh, NC 27616
(919) 348-9213
dan@themelolawfirm.com

**RE: ACIR v ICE (25-cv-03867-APM)**
**ICE FOIA Case Number 2026-ICLI-00010**
**Second Interim Release**

Dear Mr. Melo,

This is the second interim response to your client's Freedom of Information Act (FOIA) requests to U.S. Immigration and Customs Enforcement (ICE), dated November 5, 2025, seeking the following:

Copies of any handbook, policy manual, standard operating procedure, or similar records that ICE employs in the operation of its Extended Case Management Services (ECMS), which was then part of its ATD programs. Also, the plaintiff requested on a second request, seeking updates or new versions of a number of outdated ATD policies, memoranda, and guidance, as well as any other records that ICE has issued relating to ATD since August 17, 2017.

Any policy memoranda or other policy documents that have amended, replaced, rescinded, superseded, or otherwise altered the following ICE policies:

Dec 10, 2004, Alternatives to Detention Recovery Procedures
Dec 17, 2008, Alternative to Detention (ATP) Case Management Guidance
Sep 14, 2009, Use of GPS Monitoring Devices on Persons who are Pregnant or Diagnosed with a Severe Medical Condition
Feb 28, 2011, Alternatives to Detention Program Participant Enrollment Guidance
Jan 13, 2012, Alternatives to Detention Program Violations
June 23, 2014, Alternatives to Detention and the Rio Grande Valley

May 15, 2015, Referral of Family and Adult Releases for ATD Evaluation and Participation
June 8, 2015, Alternatives to Detention Program Guidance
July 24, 2015, Referral of All Aliens Not Subject to Detention

Any other internal guidance, policy memoranda, or other records that ICE ERO has issued relating to "Alternatives to Detention" since Aug. 16, 2017.

ICE has considered this request under the FOIA, 5 U.S.C. § 552, and processed 161 pages of potentially responsive records. Upon review ICE has determined that 71 pages were deemed nonresponsive or duplicative. The remaining 90 pages will be released in full or disclosed in part pursuant to FOIA Exemptions 6, 7(C), 7(E) and (b)(7)(f) of the FOIA, 5 U.S.C. § 552 as described below. The 216 pages have been Bates stamped 2026-ICLI-00010 217 through 2026-ICLI-00010 306.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweighs any minimal public interest in disclosure of the information. Please note that any private interest you may have in that information does not factor into this determination.

The ICE FOIA Office applied FOIA Exemption (b)(7)(E) to protect from disclosure an internal law enforcement sensitive investigative technique. The release of this information would disclose investigative techniques and procedures and could be reasonably expected to risk circumvention of the law.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

**FOIA Exemption 7(F)** of the Freedom of Information Act protects "records or information compiled for law enforcement purposes [the disclosure of which] could reasonably be expected to endanger the life or physical safety of any individual." The Court of Appeals for the District of Columbia Circuit has held that "disclosure need not definitely endanger life or physical safety; a reasonable expectation of endangerment suffices." I have determined disclosure of the information redacted pursuant to Exemption 7(F) would endanger the life or physical safety of ICE employees.

If you have any questions about this letter, please contact Assistant United States Attorney Fithawi “Isaac” Berhane at Fithawi.Berhane@usdoj.gov.

Sincerely,

Marcus K. Francis Sr.
Supervisory Paralegal Specialist

Enclosure: 90 pages